Law Offices of
**Donna R. Newman**
Attorney at Law
20 Vesey Street, Suite 400
New York, New York 10007
Tel. 212-229-1516
Fax. 212-593-1844
cell: 201-306-4369
donnanewmanlaw@aol.com

Member: N.Y. & N.J. Bar

May 25, 2022

Via ECF & Email
The Honorable Eric R. Komitee
United States District Court
For the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *United States v. Alonzo Scott, Jr.*
    20cr368 (EK)

Dear Judge Komitee:

    On behalf of Alonzo Scott, please accept this letter in response [1] to the Government's Supplemental sentencing letter dated May 12, 2022 ("Gov't Supp.") and in further support of Alonzo Scott's position that his 2008 conviction for Attempted Assault in the Second Degree in violation of New York Penal Law ("N.Y.P.L.") § 20.05(7) does not qualify as a crime of violence under U.S.S.G. §§ 4B1.1, 4B1.2(defining a crime of violence)[2].

    The Government fails to meet its burden of demonstrating by a preponderance of the evidence that Scott's prior § 120.05(7) conviction qualifies as a crime of violence for purposes of determining whether he qualifies as a career offender pursuant to United States Sentencing Guidelines ("U.S.S.G." or "Guidelines").*United States v. Green,* 480 F.3d 627, 6235 (2d Cir. 2007). It also fails in its attempt to refute the well-reasoned, thorough analysis of the Honorable Lorna G. Judge Schofield in *United States v. Dobey*, 2019 WL 5205475 (S.D.N.Y. Oct. 16,

---

[1] I would be remiss if I did not acknowledge assistance of Federal Defender, Daniel Habib, Esq. who gave me permission to lift arguments from his briefing in *United States v. Chayanne Castillo,* 21-527. A decision on *Castillo* is pending before the Second Circuit.

[2] This submission does not address the application of Mr. Scott's prior New York State drug offenses which were addressed in his sentencing memorandum submitted on April 26, 2022. See Defendant's Sentencing Submission dated April 26, 2022 ("Def. Sent. Memo") at 9-16. The Court specifically requested additional briefing only on the application of the career offender guideline to Mr. Scott prior N.Y.P.L § 120.05(7) conviction.

1

2019) in which she held a prior conviction for N.Y.P.L. § 120.05(7) is not a crime of violence under either the Force Clause or the Enumerated Clause of U.S.S.G. § 4B1.1. *United States v. Dobey,* 2019 WL 5205475 at *5 (S.D.N.Y. Oct. 16, 2019). See Def. Sent. Memo at 16-19.

The Government relies heavily on *United States v. Castleman,* 572 U.S. 157 (2014). Gov/'t Supp. at 4 . Its reliance is misguided because the Government overstates is holding and thus, misinterprets *Castleman. Castleman* held that a Tennessee assault offense that requires intentionally or knowingly causing bodily injury involved common-law (but not necessarily violent) force, and thus qualified as a misdemeanor crime of domestic violence for purposes of 18 U.S.C. §§ 921(a)(33)(A and 922(g). 572 U.S. at 159. The case did not hold or suggest that the intentionally causing bodily injury simpliciter necessarily involves violent physical force.

Post-*Castleman*, the Second Circuit has never treated the intentional causation of injury simpliciter as violent force. Rather the Court has always located the necessary violence in some other aggravating element, such as the intentional causation of serious injury or the use of a deadly weapon. A prime example is *United States v. Brown*, 2 F.4th 109 (2d Cir. 2021) (per curiam). *Brown* applied *Thompson v. Garland*, 994 F.3d 109 (2d Cir. 2021)(per curiam), to hold New York second-degree assault, in violation of N.Y.P.L. § 120.05(1) which requires the intentionally causing of serious bodily injury was a Guideline crime of violence. 2 F.4th at 112. *Brown* explained that "a predicate offense is to be categorically recognized as a 'crime of violence'...where conviction requires that the defendant 'intentionally caus[e] at least *serious* physical injury.'" *Id*. at 11 (emphasis added)(quoting *Scott*, 990 F.3d at 110$^{3}$)(The *Scott* court then concluded because §120.05(1) "requires the intentional causation of *serious* physical injury," it is 'therefore a 'crime of violence" under the elements clause.). *Id* (emphasis added). Significantly, *Brown* did not suggest that intentionally causing any injury would suffice.

In *Singh*, another post-*Castleman* decision, the Second Circuit, found the second-degree assault, §120.05(2), which proscribes intentionally causing physical injury with a *deadly weapon*, meets the elements clause because of the weapons or dangerous instrument element. *Singh* 939 F.3d at 462.(emphasis added)([A]ssuming without deciding that the difference between just physical injury "serious physical injury could be material, the elements clause of §120.05(2) includes a *weapons* requirement which "makes obvious that the statute requires the use of violent force." *Id*.(emphasis added), see *Dobey*, 2019 WL 5205475 at *5(distinguishing *Singh* on ground that § 120.05(7) lacked weapon element).

*Tabb*, a case relied upon by the Government (Gov't Supp. at 4), as well as ,*United States v. Walker*, 4422 F.3d 787 (2d Cir. 2006)(per curiam) also cited by the Government, actually support Defendant's position and are in- line with *Dobey*.$^{4}$ Both cases concerned an analysis of § 120.05(10). *United States v.Tabb,* 949 F.3d 81, 84 (2d Cir. 2020), *cert. denied,* 141 S.Ct. 2793 (2013). Tabb's attempted assault in the second degree under N.Y.P.L. § 120.05(2) was held to be

---

$^{3}$ United States v. Scott, 990 F.3d 94 (2d Cir. 2021 (en banc).
$^{4}$ *Ortiz* also cites to *United States v. Torres*, 16-cr-767, ECf No. 37 at 22-23. *Oritz* , 2019 WL 1122869 at *5. But *Torres* concerned an analysis of N.Y.P.L § 120.05(10) and not N.Y.P.L. § 120.05(7) and thus, is not instructive or even relevant to the issues presented by petitioner Ortiz.

a crime of violence under the elements clause because "[t]o (attempt to) cause physical injury by *means of a deadly weapon or dangerous instrument* is necessarily to (attempt to) use 'physical force,' on any reasonable interpretation of that term." Id. at 83 (citing *United States v. Walker*, 4422 F.3d 787 (2d Cir. 2006)(*per curiam*) (emphasis added). Thus, here again the Court concluded a subsection of §120.05, subsection (2), is a violent offense based on that subsections requirement of the use of a weapon or a deadly instrument. Section 1205(7) does not have a weapon requirement. See N.Y.P.L. §120.05(7).

Likewise, *Ortiz,* contrary to the Government's claim (Gov't Supp. at 3-4), fails to provide the quantum of support for the Government's position, it claims. Gov't Supp. at 3-4. *Ortiz* came before the court as a *pro se* petition for collateral relief under 28 U.S.C. 2255. *Ortiz v. United States*, no. 13 cr. 687 (RMB), 2019 WL 1122869 (S.DN.Y. Mar.12, 2019). The *Ortiz* Court relied entirely on *Lassend v. United States* 898 F.3d 115, 127 (1st Cir. 2018), *cert denied*, No. 18-7642, 2019 WL 416251(U.S. Mar. 4, 2019) in reaching its determination that §120.05(7) is a crime of violence. In particular the Court referenced the following observation of the *Lassend* panel: "[That the litigants did not and could not 'point us to a single New York case in which a conviction under § 120.05(7) has been obtained based on nonviolent conduct. Because we are not suppose to imagine fanciful, hypothetical scenarios in assessing what the least serious conduct is that the statute cover, we conclude that [defendant's] conviction under § 120.05(7) qualifies as a violent felony." *Ortiz at *5* (quoting *Lassend*, 898 F.3d at 127). Of note, the Supreme Court in *Castleman*, 572 U.S. at 166, recognized such a scenario. The Court noted specifically that there are instances of physical contact that would not equate to a violent encounter. It is "hard to describe ...as 'violence' a squeeze of the arm that causes a bruise." *Castleman*, 572 U.S. at 1669 (quoting *Flores v. Ashcroft*, 350 F.3d 666, 670 (7th Cir. 2003)). But more to the point here, *Lessand* does not stand up to *Dobey* where in contrast to *Lessand,* Judge Schofield engaged in a complete categorical analysis of N.Y.P.L. § 120.05(7) where as in *Lessand*, the First Circuit analysis was limited to the above cited reference.

In short, neither *Ortiz* nor *Lessan*d engaged in a discussion or analysis of N.Y.P.L §120.057) via the categorical approach of § 120.50(7)as required. *United States v. Castillo* 896 F.3d 141, 150 (2d Cir. 2018)(citing, *Taylor v. United States*, 488 U.S. 575 (1990)). Neither *Ortiz* nor *Lessand* attempted to reconcile the lack of aggravating elements such as "serious physical injury" or "the use or possession of a weapon or dangerous instrument" with a finding that §120.05(7) necessarily is a violent felony for Guideline purposes.

In its attempt to persuade this Court not to adopt *Dobey,* the Government devotes a considerable portion of their supplemental letter brief to a discussion of *United States Villanueva*. 893 F.3d 130 n.6 (2dCir. 2018) and in particular to footnote 6 of that decision. Gov't Supp. at 4. In *Villanueva* the Court explained that the element of "serious physical injury'" was "necessary" for a Connecticut assault offense to satisfy the elements clause. 1893 F.3d at 130 n.6; see also, *United States v. Dobey,* 2019 WL 5205475 at *5 (S.D.N.Y. Oct. 16, 2019(citing *Villanueva*, reasoning that "[a]crime must have as an element 'serious physical injury'" to meet elements clause and ruling that New York assault offense involving [simple] 'physical injury" fell short as that offense "can be based on causing any degree physical injury"). The Government

3

claims this key language from *Villanueva* contained in footnote.6 is "*dicta*" because that footnote was limited to a comparison of the defendant's Connecticut misdemeanor third degree assault offense-which required intent to cause "physical injury" and which , as a misdemeanor could not qualify as a "violent felony" under ACCA-with the defendant's first-degree assault offense which required intent to cause" serious physical injury. Gov't Supp. at 4 (citing *Villanueva*, 893 F.3d at 130 n. 6). The Government has it wrong.

The issue presented in *Villanueva* was "whether the offense of violating Connecticut's statute punishing first degree assault, Conn. Gen.Stat. §53a-59(a)(1)"intentionally causing serious physical injury by means of a deadly weapon or dangerous instrument" qualifies as a "violent felony" under ACCA. 893 F.3d at 124. The Court held it was. *Id*. at 125. In so doing, the Court looked looked at both the "dangerous instrument" and "serious physical injury" elements of the Connecticut offense to confirm that the force involved was "violent"-the dangerous instrument element (*id.* at 129), and the "serious physical injury element, *Id* at 130 n.6. This review of these two elements was essential to the Court's determination that the Connecticut offense was violent. Accordingly, because this finding was essential to the Court's finding, footnote 6 which concerned this exact finding, is not *dicta*. *Baraket v Holder,* 632 F.3d 56, 59 (2d Cir. 2011) ("It is not substantive discussion of a question or lack thereof that distinguishes holding from *dictum*, but rather whether resolution of the question is necessary for the decision of the case."). In other words, its holding did not rest on only one of its stated reasons, and therefore "it is appropriate to treat them as alternative bases of decision [rather than dicta]." *Pyett v. Pennsylvania Blg. Co.,* 498 F.3d 88, 93 (2d Cir. 2007)(quoting *MacDonald, Sommer & Frates v. County of Yolo,* 47 U.S. 340, 346 n.4 (1986)).

Judge Schofield read *Villanueva* exactly right. " A crime must have as an element "serious physical injury", to meet the elements clause. 2019 WL 5205475 at *5(citing *Villanueva*, 893, F.3d at 130, n.6). Thus, *Dobey* concluded that the offense at issue there (and here)  § 120.05(7) , is not a crime of violence since  subsection(7)  of §120.05 "requires intent to cause only "physical injury". *Id*. In other words Judge Schofiedl concluded 120.05(7) does not demand "the use of violent force" because "the offense can be based on causing  any degree of physical injury to another person." *Dobey at *5.*

In sum, Section 120.05(7) is not a crime of violence under either the Force Clause or a crime of violence under the Enumerated Offense Clause. See Dobey at * 5.  Scott's  2008 conviction for Attempted Assault in the Second Degree in violation of  N.Y.P.L. § 120.05(7) is not a qualifying prior offense for determining his career offender guideline status.

Respectfully submitted,
/s/
Donna R. Newman
Cc: AUSA Gillian A. Kassner via ECF and Email
    Alyssa Lopez, USPO via Email
    Alonzo Scott via First Class Mail